IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯ D.C.

05 NOV 30 PM 5: 59

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| RAMONA HILLMAN, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| vs. | ) | No. <u>05-2052 B/P</u> |
|  | ) | |
| SHELBY COUNTY, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

Before the court is Plaintiff Ramona Hillman's Motion for Leave to Amend Complaint, filed on September 20, 2005 (dkt #22). Defendant Shelby County filed its response in opposition on September 27, 2005. For the following reasons, the motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

Ramona Hillman's motion arises from an ongoing domestic dispute between herself and Ms. Shirley Abram. Hillman began working for the Shelby County Correctional Center ("SCCC") as a corrections officer in October, 1989. On November 18, 2003, Abram contacted the SCCC to report her dispute with Hillman, providing the SCCC with several police reports evidencing their argument. On February 4, 2004, a criminal warrant was issued for Hillman's

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on <u>12-1-05</u>

㉘

arrest by the Desoto County, Southaven Municipal Court for two counts of assault stemming from an altercation between Hillman and Abram. Hillman was subsequently found guilty of these two charges on May 5, 2004. Citing her disruptive dispute with Abram and her criminal conviction for two counts of assault, Shelby County terminated Hillman's employment on June 11, 2004.

Hillman filed charges with the Equal Employment Opportunity Commission ("EEOC") on August 17, 2004, claiming that she had been discriminated against in retaliation for filing a prior charge of gender discrimination against the SCCC.[1] Hillman alleged that she received differential treatment due to her prior lawsuit, as "there have been numerous instances whereby other employees have engaged in similar conduct by threatening each other or engaging in physical altercations while at work" and were not terminated. (Hillman EEOC Complaint at 1). The EEOC issued Hillman a right to sue letter on October 29, 2004. On January 24, 2005, Hillman filed a civil complaint against Shelby County, alleging that she had been fired in retaliation for filing her previous Title VII lawsuit.

In the present motion, Hillman seeks leave to amend her complaint. Specifically, she seeks to include the following causes of action in her amended complaint:

---

[1] On June 18, 2002, Hillman, along with 21 co-plaintiffs, filed a civil complaint against Shelby County, alleging that she had been discriminated against on the basis of her gender in violation of Title VII. <u>Akines, et al. v. Shelby County</u>, No. 02-02483 (W.D. Tenn. filed June 18, 2002).

23. Defendant SCCC's actions constitute unlawful discrimination on the basis of sex (female) in violation of Title VII of the 1964 Civil Rights Act, as amended and codified at 42 U.S.C. § 2000e et seq. and pursuant to 42 U.S.C. § 1983.

24. Defendant's actions further constitute unlawful discrimination on the basis of sex in violation of the Tennessee Human Rights Act.

25. Lastly, Hillman asserts the state tort of intentional infliction of emotional distress and retaliatory discharge against SCCC and alleges the facts set forth above are so egregious as to cause a reasonable person to exclaim outrage and there is strong public policy against terminating an individual in retaliation for exercising the right to seek redress for her grievances against her employer.

(Pl.'s Amended Comp. at 7).

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served. . . ." Once a responsive pleading has been served, a party may amend its pleading only by leave of court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nonetheless, a court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

Shelby County argues that under Foman, the court should deny Hillman's motion to amend on the basis of futility. "Amendment of

-3-

a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir. 1980)). This court must therefore determine whether Hillman's claims would survive a motion to dismiss.

## A. Claim 1: Gender Discrimination in Violation of Title VII

"It is well settled that federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge." Strouss v. Michigan Dept. of Corrections, 250 F.3d 336, 342 (6th Cir. 2001). In Weigel v. Baptist Hosp. of East Tennessee, the Sixth Circuit explained this requirement: "Pursuant to this rule, we have recognized that 'where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" Weigel, 302 F.3d 367, 380 (6th Cir. 2002) (quoting Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 463 (6th Cir. 1998)). The determinative inquiry in this case is whether Hillman alleged sufficient facts in her EEOC Complaint to put the EEOC on notice of her Title VII gender discrimination claim. The court concludes that she did not.

In her EEOC Charge of Discrimination form, Hillman failed to

-4-

provide any indication that she alleges her firing was the result of gender discrimination. The EEOC form provides 9 boxes for the complainant to indicate her basis for filing the complaint. Although the form provides a box to indicate discrimination based on "sex," Hillman only checked the box marked "retaliation."[2] Further, in explaining the basis for her complaint, Hillman provided no indication that she believes she was fired as a result of gender discrimination. Rather, she claimed retaliation as the sole basis for her complaint. "I believe I was discriminated against in retaliation for filing a prior charge of discrimination and a federal lawsuit against my employer, in violation of Title VII of the Civil Rights Act of 1964, as amended." (Hillman EEOC Complaint at 1).

As proof of her retaliation charge, Hillman alleged that she received differential treatment in response to the criminal complaint filed against her by Abram. "[T]here have been numerous instances whereby other employees have engaged in similar conduct by threatening each other or engaging in physical altercations while at work but they were not discharged." (Hillman EEOC Complaint at 1). Hillman then listed 18 fellow employees who had engaged in violent behavior but were not fired. Nine of the employees listed are female. Thus, in her complaint, Hillman made

---

[2]The EEOC form specifically provides that, if appropriate, a complainant may check more than one box.

-5-

no claim that she was treated differently due to her gender. Nor is there any indication of gender discrimination that would prompt the EEOC to conduct a gender discrimination investigation. Thus, this court does not have subject matter jurisdiction over Hillman's Title VII claim because it was not presented in her EEOC complaint. As the court lacks jurisdiction over this claim, it would be futile to allow Hillman to amend her complaint to add a claim of gender discrimination in violation of Title VII. See Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23-24 (6th Cir. 1980) ("A complaint is properly dismissed if the district court lacks subject matter jurisdiction. . . ."). The court thus DENIES Hillman's motion to amend with respect to this particular claim.

**B.  Claim 2: Gender Discrimination in Violation of the Tennessee Human Rights Act**

Hillman also seeks to amend her complaint to add an allegation that the SCCC discriminated against Hillman on the basis of her gender in violation of the Tennessee Human Rights Act ("THRA"). Although THRA claims are analyzed under the same framework as claims brought under Title VII, see Tartt v. City of Clarksville, No. 05-0790, 2005 U.S. App. LEXIS 19726, at *11 (6th Cir. Sept. 13, 2005) (unpublished), they are not subject to the same EEOC-charge restrictions as Title VII claims. Tartt, 2005 U.S. App. LEXIS at *11, *18; Leabow v. Swift-Eckrich, Inc., No. 1374, 1991 Tenn. App. LEXIS 378, at *19 (Tenn. Ct. App. May 22, 1991) (unpublished).

-6-

Thus, Hillman's failure to include a THRA claim in her EEOC complaint does not deny this court subject matter jurisdiction over her claim. Hillman's THRA claim, therefore, is not futile.

Nevertheless, Shelby County argues that Hillman's THRA claim is futile because it was not brought within the one-year statute of limitations set forth under Tenn. Code Ann. § 4-21-311 (2005). Although Hillman failed to bring her THRA claim within one year from the date of her termination, this claim may nonetheless be permitted if it "relates back" to the original complaint.

Federal Rule of Civil Procedure 15(c) allows a party's amended complaint to relate back to the date of the original pleading, thereby avoiding dismissal based on the applicable statute of limitations, when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. . . ." Fed. R. Civ. P. 15(c)(2). As the Sixth Circuit has explained:

> The rule is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.

Miller v. American Heavy Lift Shipping, 231 F.3d 242, 248 (6th Cir. 2000). A court will therefore permit a party to add a new legal theory in an amended pleading if it arises out of the same transaction or occurrence alleged in the original complaint. See

Miller, 231 F.3d at 248 (citing cases).

The court finds that Hillman's THRA claim arises out of the same occurrence alleged in her original complaint, and thus relates back to the date of the filing of the original complaint. In her proposed amended complaint, Hillman alleges no new facts or occurrences unrelated to her previous retaliation claim, nor does she add any new parties. Rather, by claiming that she was terminated as a result of gender discrimination, she is alleging a second discriminatory basis for the SCC's decision to terminate her employment. Thus, she is merely providing an alternative legal theory to support her complaint. Such an amendment has long been recognized to relate back to the original complaint. See Hageman v. Signal L.P. Gas, Inc., 486 F.2d 479, 484 (6th Cir. 1973) ("[W]here the parties are the same, an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint.").

Finally, Hillman's THRA claim against Shelby County is not precluded by sovereign immunity. Section 4-21-102(4) of the THRA provides specifically that "the state, or any political or civil subdivision thereof" is considered an "employer" for purposes of the THRA, thus expressly allowing THRA claims against the state and its entities. Tenn. Code Ann. § 4-21-102(4) (2005). See also Rooks v. Chattanooga Elec. Power Bd., 738 F.Supp. 1163, 1163 (E.D. Tenn. 1990) ("[I]t is manifest that the . . . language from the

THRA evidences an unmistakable legislative intent to remove whatever immunity the [state] may have had under the [Tennessee Governmental Tort Liability Act]."). The court finds that Hillman's THRA claim is not futile, and GRANTS Hillman's motion to amend with respect to this particular claim.

**C. Claim 3: Common Law Torts of Intentional Infliction of Emotional Distress and Retaliatory Discharge**

Hillman further seeks to amend her complaint to include an allegation that the SCCC committed the state common law torts of intentional infliction of emotional distress and retaliatory discharge. In contrast to claims brought under the THRA, tort claims of intentional infliction of emotional distress and retaliatory discharge are precluded by sovereign immunity.

The Tennessee Governmental Tort Liability Act ("GTLA") waives in part the immunity traditionally afforded to governmental entities. Tenn. Code Ann. § 29-20-101 et seq. (2005). Although the GTLA generally waives sovereign immunity for negligent acts committed by government employees, Section 29-20-205(2) specifically preserves immunity from claims arising out of, inter alia, "infliction of mental anguish." Tenn. Code Ann. § 29-20-205(2) (2005). The Supreme Court of Tennessee has recently interpreted this language to include the common law tort of intentional infliction of emotional distress. See Sallee v. Barrett, No. M2003-01893-SC-R11-CV, 2005 Tenn. LEXIS 653, at *6-19 (Tenn. Aug. 18, 2005) (unpublished). Likewise, the Tennessee

-9-

courts have concluded that sovereign immunity is a complete defense to the common law tort of retaliatory discharge. <u>Williams v. Williamson County Bd. of Educ.</u>, 890 S.W.2d 788, 790 (Tenn. Ct. App. 1994); <u>see also</u> <u>Guster v. Hamilton County Dep't of Educ.</u>, 2004 U.S. Dist. LEXIS 10170, No. 02-cv-145, at *116 (E.D. Tenn. March 2, 2004) (citing <u>Williams</u>); <u>Guy v. Mut. of Omaha</u>, 79 S.W.3d 528, 537 (Tenn. 2002) (same). Because sovereign immunity renders both of Hillman's proposed common law tort claims futile, the court DENIES Hillman's motion to amend with respect to these particular claims.[3]

### III. CONCLUSION

For the reasons above, Plaintiff's Motion For Leave to Amend Complaint is GRANTED with respect to her claim of gender discrimination in violation of the Tennessee Human Rights Act, and is DENIED with respect to her claim of gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and her claims of intentional infliction of emotional distress and retaliatory discharge. Hillman shall file an amended complaint with the Clerk of Court within five (5) days from the date of this order, with service upon the defendant.

---

[3] Shelby County argues that Hillman's common law tort claims are also barred by the statute of limitations. Because the court concludes that these claims are precluded by sovereign immunity, it need not address whether these claims relate back under Rule 15(c) to Hillman's original complaint.

IT IS SO ORDERED.

                                             _____
                                             TU M. PHAM
                                             United States Magistrate Judge


                                             _November 30, 2005_____
                                             Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 28 in case 2:05-CV-02052 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Ramona Charmel Hillman
7116 Shadow Oaks Dr.
Memphis, TN 38125

M. Dell Stiner
THE WHARTON FIRM
147 Jefferson Avenue
Ste. 1205
Memphis, TN 38103

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

Honorable J. Breen
US DISTRICT COURT