IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RAMONA HILLMAN,

    Plaintiff,

v.                                          No. 05-2052 BP

SHELBY COUNTY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The Plaintiff, Ramona Hillman, filed her original complaint in this matter pro se, alleging, among other things, wrongful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. On July 14, 2005, the Defendant, Shelby County, Tennessee, moved for dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment under Fed. R. Civ. P. 56.

Rule 12(b)(6), which permits the Court to dismiss a complaint for failure to state a claim upon which relief may be granted, requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). In order to avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim to sustain recovery under some viable legal theory. Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003); Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998). The Rule provides that "[i]f, on a motion asserting the defense numbered (6)



to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . ." Fed. R. Civ. P. 12(b). Fed. R. Civ. P. 56 states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988).

Although the Defendant has attached to its motion documents for the Court's review, they are not in a form that can be considered by the Court. Subsection (e) of Rule 56 requires that affidavits supporting a motion for summary judgment (1) be made on personal knowledge, (2) set forth facts as would be admissible in evidence and (3) show the affiant is competent to testify on the matters contained in the affidavit. The Rule also articulates that sworn or certified copies of all documents referred to in an affidavit must be attached to the affidavit. The Sixth Circuit "has ruled that documents submitted in support of a motion for summary judgment must satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir. 1993). Here, no affidavit has been proffered and the documents are not self-authenticating. Therefore, the Court will not review the documents in determining the instant motion, which will be treated as a motion to dismiss under Rule 12(b)(6).

Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment because of such individual's

2

... sex ..." 42 U.S.C. § 2000e-2(a)(1). Illegal retaliation under Title VII is governed by 42 U.S.C. § 2000e-3(a) which provides that

> [i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [she] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

In order to establish a prima facie case of retaliation, a plaintiff must allege that (1) she was engaged in activity protected by Title VII; (2) her actions were known to the defendant; (3) subsequently, the employer took action adverse to the plaintiff; and (4) there was a causal connection between the plaintiff's activity and the actions of the defendant. Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000).

In her pro se complaint,[1] the Plaintiff alleged (1) that she was involved in separate litigation against the Shelby County Division of Corrections, (2) of which her employer was aware, and (3) that she was terminated based on conduct for which other employees were not discharged, and (4) that she was fired in retaliation for her participation in the lawsuit. Although the complaint is perhaps not a model of clarity, the Plaintiff has set forth the elements of a retaliation claim. Accordingly, construing the complaint in the light most favorable to Hillman and accepting her allegations as true, the Court cannot find that she "undoubtedly can prove no set of facts in support of the claims that would entitle relief." See Grindstaff, 133 F.3d at 421. The motion to dismiss is, therefore, DENIED.

---

[1] The Court recognizes that the Plaintiff amended her complaint in December 2005 after retaining legal counsel. However, as the motion at bar sought dismissal only of the original complaint, the Court will not consider the motion to dismiss in light of the amended complaint. The Defendant may, of course, seek dismissal of the amended complaint in a separate motion if it deems it necessary to do so.

IT IS SO ORDERED this 21st day of December, 2005.

                                          /s/ J. Daniel Breen
                                          J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 30 in case 2:05-CV-02052 was distributed by fax, mail, or direct printing on December 21, 2005 to the parties listed.

---

Kathleen L. Caldwell
LAW OFFICE OF KATHLEEN L. CALDWELL
2080 Peabody Ave.
Memphis, TN 38104

M. Dell Stiner
THE WHARTON FIRM
147 Jefferson Avenue
Ste. 1205
Memphis, TN 38103

Ramona Charmel Hillman
7116 Shadow Oaks Dr.
Memphis, TN 38125

Honorable J. Breen
US DISTRICT COURT