IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **RAMONA CHARMEL HILLMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 05-2052-STA-tmp |
| | ) |
| **SHELBY COUNTY,** | ) |
| | ) |
| Defendant. | ) |

_____

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE AFFIDAVITS OF SUMLAR AND HAMPTON OR, IN THE ALTERNATIVE, OBJECTIONS TO AFFIDAVITS AND EXHIBITS**

_____

Before the Court is Plaintiff's Motion to Strike the Affidavits of Sumlar and Hampton or, in the Alternative, Objections to Affidavits and Exhibits (D.E. #156) filed on September 28, 2011. Defendant filed a Response (D.E. # 165) on October 14, 2011. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

### BACKGROUND

On July 20, 2011, Defendant filed a Motion for Summary Judgment and also submitted the unsworn statements under penalty of perjury of Lieutenant Edgar Hampton ("Lt. Hampton") and Lieutenant Stephanie Sumlar ("Lt. Sumlar"). (D.E. # 141, 141-1.) On September 28, 2011, Plaintiff filed a Motion to Strike these unsworn statements, which she characterizes as affidavits, in whole or in part, and in the alternative, she requested the Court to rule on her objections. (D.E. # 156.)

### ANALYSIS

1

A Motion to Strike portions of affidavits is not a procedurally proper Motion under the Local Rules.  Local Rule 56.1(e), which governs objections to Rule 56 evidence, reads as follows:

> Objections to evidentiary materials offered in support of or in opposition to motions for summary judgment shall be included within a timely response or reply memorandum, shall be separately designated as a specific evidentiary objection, and shall identify the Rule of Evidence or other authority that establishes inadmissibility of the proffered evidence.[1]

Accordingly, courts in the Western District of Tennessee do not strike inadmissible portions of affidavits; instead, they disregard the inadmissible testimony in their evaluation of the summary judgment motion before them.  Accordingly, Plaintiff's Motion to Strike is **DENIED**.  Thus, the Court turns to Plaintiff's Objections to Lt. Sumlar and Lt. Hampton's affidavit.

The Court overrules Plaintiff's Objections for three reasons.  First, the Court overrules them for failure to follow the Local Rules set forth in Local Rule 56.1(e), which is quoted above.Local Rule 56.1 was created to limit the quantity of filings in regard to a summary judgment motion.  According to Rule 56.1(e), Plaintiff's objections needed to be included with her Response rather than be filed separately twelve days after her Response.  Furthermore, Plaintiff objected to all but eleven of the ninety-eight paragraphs of Lt. Sumlar's statement.  Her Motion did not reference a specific Rule of Evidence supporting each individual objection, nor did she cite to other authority establishing the inadmissibility of the evidence offered in Lt. Sumlar's statement.  Broad, sweeping, generalized objections such as "Hearsay.  Irrelevant.  [Defendant] has not met its burden to show that [Lt.] Sumlar has personal knowledge.  Prejudicial, outweighs probative value.  No foundation.  Documents contains hearsay within

---

[1] Local Rule 56.1(e).

hearsay" are insufficient to satisfy the requirements of the Local Rules, and Plaintiff's Objections are **OVERRULED** for failure to comply with the Local Rules in large part.[2]

Additionally, Plaintiff objected to two paragraphs of Lt. Hampton's statement. The Court interprets the first objection to relate to hearsay within Lt. Hampton's statement that "Chief Anthony Alexander asked [him] to set up a meeting with Shirley Adams to receive some documents she wanted to deliver concerning incidents with Ramona Hillman."[3] Plaintiff objects "as to what Chief Alexander told Lt. Hampton . . . [and] as to statements made by Shirley Abrams to Chief Alexander."[4] Paragraph 11 does not contain statements made by Shirley Abrams to Chief Alexander or statements made by Chief Alexander to Lt. Hampton. Accordingly, this Objection is **OVERRULED**.

Additionally, Plaintiff objected to Lt. Hampton's opinion testimony because he was not an expert witness.[5] Paragraph 12 of Lt. Hampton's statement does not contain an opinion except for the statement that Plaintiff's subpoenas, requiring him to leave work and travel to Mississippi to testify at Plaintiff's trial, "unnecessarily disrupted [his] work."[6] Such an opinion is not one requiring "scientific, technical, or other specialized knowledge [to] assist the trier of fact to

---

[2] (Pl.'s Mot., D.E. # 156-1, ¶ 6.) This identical objection can be found at multiple paragraphs throughout Plaintiff's Motion, and her other objections are just as general. Most arise from hearsay or Lt. Sumlar's alleged lack of personal knowledge despite the fact that Lt. Sumlar states that she made her "statement based on personal knowledge and from documents contained in the official records of the [Department of Corrections]." (Statement of Lt. Sumlar, D.E. # 141-1, ¶ 2.)

[3] (Statement of Lt. Hampton, D.E. # 141-1, ¶ 11.)

[4] (Pl.'s Mot., D.E. # 156-1, ¶ 11.)

[5] (*Id.* ¶ 12.)

[6] (Statement of Lt. Hampton, D.E. # 141-1, ¶ 12.)

understand the evidence or to determine a fact in issue."[7]  Accordingly, Plaintiff's objection is wholly without merit, and it is **OVERRULED**.

Second, the Court notes that Plaintiff began her Motion with a general list of objections to Lt. Sumlar and Lt. Hampton's statements.[8]  However, Local Rule 56.1(e) requires objections to be "separately designated as . . . specific evidentiary objection[s]."[9]  Accordingly, the Court finds that this portion of Plaintiff's Motion has failed to specify evidentiary objections as required by the Local Rules.  Therefore, these objections are **OVERRULED**.

Third, Federal Rule of Civil Procedure 56(c)(2) ("Rule 56(c)(2)") does not support Plaintiff's objections to Lt. Sumlar's statements.  Under Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[10]  In several of her objections, Plaintiff's arguments are similar to the following: "Objection.  Hearsay.  No foundation.  No personal knowledge.  Alexander could testify, or Hillman, but not Sumlar."[11]  Accordingly, Plaintiff admits that her objection is without foundation in the Federal Rules of Civil Procedure: she states that someone else could testify to allegedly otherwise-inadmissible information, which would also likely remedy the hearsay, foundational, and personal knowledge problems within the testimony at issue.  Therefore,

---

[7]   Fed. R. Evid. 702.

[8]   (Pl.'s Mot., D.E. # 156-1, at 3-8.)

[9]   L.R. 56.1(e).

[10]  Fed. R. Civ. P. 56(c)(2).

[11]  (Pl.'s Mot., D.E. # 156-1, ¶ 11.)

objections of this sort are contrary to the Federal Rules of Civil Procedure, and they are hereby **OVERRULED**.

Similarly, Plaintiff's objections regarding the lack of authentication of documents by Lt. Sumlar are overruled as well.[12] Plaintiff does not state that these documents are inadmissible on their own and unable to be authenticated by any one person; rather, she argues that they have not been authenticated by Lt. Sumlar. Again, the evidence's inadmissibility with Lt. Sumlar is insufficient to support a valid objection; the evidence would have to be unable to be in an admissible form. Therefore, Plaintiff's objections of this type are **OVERRULED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**. Plaintiff may file Objections in compliance with the Local Rules and the Federal Rules of Civil Procedure within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 29, 2012.

---

[12] (*See, e.g.*, *id.* at 6-8.)