IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **RAMONA CHARMEL HILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 05-2052-STA-tmp |
| | ) | |
| **SHELBY COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE**

Before the Court is Plaintiff's Motion in Limine (D.E. # 159), filed on October 3, 2011. Defendant filed a Response (D.E. # 166) On October 17, 2011. For the following reasons, Plaintiff's Motion is **GRANTED IN PART**.

**BACKGROUND**

In her Motion, Plaintiff argues that the Court should excluded "testimony, live or by deposition, and exhibits, concerning any post-termination events, including the arrest and misdemeanor conviction of [Plaintiff] for criminal impersonation in the District Court of Mississippi County, Arkansas." (Pl.'s Mot., D.E. # 159, at 1.) Plaintiff argues that the events of 2006 surrounding her criminal impersonation conviction are "simply irrelevant" to the issues pending before the Court, as they occurred two years after Plaintiff was terminated from her employment with the Department of Corrections. (*Id.* at 2.) Plaintiff further notes that she cannot be impeached by evidence of her conviction. (*Id.* at 3.)

1

In response, Defendant argues that Plaintiff's criminal impersonation conviction is "relevant and admissible to show that there was a long-standing feud between [Plaintiff] and Shirley [Abrams] in which [Plaintiff] was not a blameless, innocent victim as she would like the Court to believe." (Def.'s Resp., D.E. # 166, at 3.) Defendant seeks admission of the events underlying this conviction under Federal Rule of Evidence 404(b). (*Id.* at 4.)

## ANALYSIS

The Court finds that Plaintiff's 2006 conviction for criminal impersonation and the events leading up to her conviction which occurred after her 2004 termination from Defendant's employment are irrelevant to the Court's summary judgment evaluation of whether Plaintiff was retaliated or discriminated against during the termination process. Accordingly, the Court will not consider post-termination events related to Plaintiff's 2006 conviction at this stage. Moreover, at summary judgment, the Court is prohibited from making credibility determinations or weighing the evidence; as such, any consideration of post-termination events related to Plaintiff's 2006 conviction would be improper. Accordingly, Plaintiff's Motion is **GRANTED** for purposes of summary judgment only. However, the Court will take Plaintiff's Motion under advisement; if the Court denies summary judgment, it will make then make a determination as to whether Plaintiff's 2006 conviction and the events underlying it will be admissible at trial.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED IN PART**.

**IT IS SO ORDERED.**

            s/ S. Thomas Anderson
            S. THOMAS ANDERSON
            UNITED STATES DISTRICT JUDGE

Date: February 29, 2012.